UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AKATUGBA, <br><br> Plaintiffs, <br><br> v. <br><br> UMB BANK, N.A., AS TRUSTEE FOR PRL TITLE TRUST 1, et al., <br><br> Defendants. | Case No. 23-cv-00346-JST <br><br> **ORDER DENYING MOTION TO WITHDRAW REFERENCE** <br><br> Re: ECF No. 1 |

Before the Court is Debtor Ayo Akatugba's motion to withdraw the reference for her motion for sanctions. ECF No. 1. Creditors UMB Bank, N.A.; Morgan Stanley Mortgage Capital Holdings, LLC; and Newrez LLC d/b/a Shellpoint Mortgage Servicing oppose withdrawal. ECF No. 6. Pursuant to Bankruptcy Local Rule 5011-2(b), the Court requested a recommendation from the bankruptcy court, ECF No. 2; the bankruptcy court recommends against withdrawal, ECF No. 8. Having considered all of the materials before it, the Court will deny Akatugba's motion to withdraw the reference.

**I.   LEGAL STANDARD**

In this district, bankruptcy cases are automatically referred to the bankruptcy court. B.L.R. 5011-1(a). Akatugba requests both mandatory and permissive withdrawal of this reference under 28 U.S.C. § 157(d), which provides, in relevant part:

> The district court may withdraw . . . any case or proceeding referred under this section . . . for cause shown. The district court shall . . . so withdraw . . . if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

"For either permissive or mandatory withdrawal, '[t]he burden of persuasion is on the party

1  seeking withdrawal.'" *Facebook, Inc. v. Vachani*, 577 B.R. 838, 846 (N.D. Cal. 2017) (quoting *In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011)).

## II. DISCUSSION

### A. Mandatory Withdrawal

The Court first considers whether mandatory withdrawal applies.

"Congress intended the mandatory withdrawal provision to be construed narrowly so as not to create an 'escape hatch' by which most bankruptcy matters could easily be removed to the district court." *Greenspan v. Paul Hastings Janofsky & Walker LLP*, No. C 12-01148 CRB, 2012 WL 3283516, at *4 (N.D. Cal. Aug. 12, 2012) (quoting *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996)). "Withdrawal is required 'in cases requiring material consideration of non-bankruptcy federal law.'" *Vachani*, 577 B.R. at 845 (quoting *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)). "Courts in the Ninth Circuit have concluded that withdrawal is mandatory . . . 'when [non-title 11] issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law.'" *PG&E Corp. v. Fed. Energy Reg. Comm'n*, Nos. 19-cv-00599-HSG & 19-cv-00781-HSG, 2019 WL 1118122, at *2 (N.D. Cal. 2019) (quoting *Tamalpais*, 451 B.R. at 8–9). "Under this approach, the withdrawing party 'must do more than merely suggest that novel issues of law could possibly arise in a bankruptcy proceeding.'" *Id.* (quoting *Tamalpais*, 451 B.R. at 9).

Akatugba argues that withdrawal is required because the motion for sanctions includes claims under federal non-bankruptcy law, including the Real Estate Settlement Procedures Act ("RESPA"); the Truth in Lending Act ("TILA"); related Consumer Financial Protection Bureau ("CFPB") implementing regulations; and the Fair Debt Collection Practices Act ("FDCPA"). Akatugba suggests that resolving the sanctions motion will involve "novel questions under the TILA and CFPB [r]egulations with regard to the meaning and application of 'actual damages' for sending improper billing statements" because "few courts have ruled on TILA and CFPB claims in relation to bankruptcy cases." ECF No. 1 at 7. But Akatugba identifies none of these "novel questions," and the fact that few courts have ruled on TILA and CFPB claims arising in relation to

bankruptcy does not mean that resolving such claims will require analysis of significant open and unresolved questions of non-bankruptcy law.  Akatugba also argues that resolving the sanctions motion will require deciding "the issue of whether the Notices of Mortgage Payment Changes filed by Creditors in bankruptcy court pursuant to Bankru[pt]cy Rule 3002.1 constitute communications within the meaning of the FDCPA," which "is important to the outcome of this case and therefore should be resolved by the District Court." ECF No. 1 at 7–8.  But Akatugba does not suggest that that issue is novel or will require analysis of significant open and unresolved issues of non-bankruptcy law.

Because Akatugba has not shown that resolving the sanctions motion will require the interpretation—as opposed to mere application—of federal non-bankruptcy law, or the analysis of significant open and unresolved issues of federal non-bankruptcy law, the Court concludes that withdrawal is not required at this juncture.

### B.      Permissive Withdrawal

The Court is also not persuaded that permissive withdrawal is appropriate at this point.

"[I]t is within a district court's discretion to grant or deny a motion for permissive withdrawal of reference."  *PG&E*, 2019 WL 1118122, at *2 (quoting *In re EPD Inv. Co. LLC*, No. cv 13-05536 SJO, 2013 WL 5352953, at *2 (C.D. Cal. Sept. 24, 2013)).  "In determining whether cause [for permissive withdrawal] exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

In arguing for permissive withdrawal, Akatugba largely focuses on the efficiency factor. Whether withdrawal promotes efficiency depends on whether or not a party raises "core" claims. *See Vachani*, 577 B.R. at 846 ("If a claim is not core and only the District Court can enter final judgment, efficiency generally favors withdrawing the reference. . . .  In contrast, if a claim is a core claim, then the Bankruptcy Court can enter final judgment on its own and efficiency generally weighs against withdrawing the reference.")  Under 28 U.S.C. § 157(b)(1), "[b]ankruptcy judges may hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments, subject to

review under section 158 of this title."

Akatugba argues that none of her claims—even those brought under Title 11 itself—constitute core claims arising under or in Title 11. As the Ninth Circuit has explained, "'arising under title 11' . . . describe[s] those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *In re Harris*, 590 F.3d 730, 737 (9th Cir. 2009) (quoting *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995)). And "[a] civil proceeding 'arises in' a Title 11 case when it is not created or determined by the bankruptcy code, but where it would have no existence outside of a bankruptcy case." *Id.* The Court is not persuaded that none of Akatugba's claims are core claims. *See, e.g.*, *In re Suburban West Props., LLC*, 504 B.R. 477, 479 (Bankr. N.D. Ill. 2013) ("A request for sanctions for alleged violations of the automatic stay may only arise in a case under title 11 and, therefore, is a core proceeding.").[1] Accordingly, the efficiency factor does not necessarily favor withdrawal.

Considering the circumstances of this case, the Court does not find cause for permissive withdrawal. Withdrawal would cause additional delay and costs to the parties, because it would require restarting the briefing process in district court, according to a new briefing schedule. *Vachani*, 577 B.R. at 850 (noting that withdrawal would require setting a new briefing schedule, and "[t]his delay would also cause further expenses for both parties"). The bankruptcy court is familiar with this case, and resolving the motion for sanctions will involve many issues within the expertise of the bankruptcy court, such that, even if it may not be able to enter judgment on certain claims, the bankruptcy court should address them in the first instance. *See In re Woodside Grp., LLC*, No. CV 10-222-VBF(x), 2010 WL 11596179, at *4 (C.D. Cal. May 21, 2010) (finding that withdrawal would hinder bankruptcy administration where matter included multiple claims "clearly within the expertise of the [b]ankruptcy [c]ourt"); *Vachani*, 577 B.R. at 847 ("[T]he [b]ankruptcy [c]ourt has greater expertise in bankruptcy law and its application to the instant case."); *Oliner v. Kontrabecki*, No. C 06-03787 CRB, 2006 WL 3646789 (N.D. Cal. Dec. 12,

---

[1] Akatugba suggests that there are exceptions to the general rule that claims for violation of the automatic stay are core claims, but does not identify these exceptions or suggest that any exception applies in this case.

4

2006) ("The bankruptcy judge is intimately familiar with the complicated transactions involved in the claims. While the Court would have to review the bankruptcy judge's proposed findings of fact de novo rather than for clear error, it still makes the most sense for the bankruptcy court to decide the claims in the first instance.").

The Court declines to exercise its discretion to withdraw the reference.

## CONCLUSION

Akatugba's motion to withdraw the reference is denied without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 7, 2023



JON S. TIGAR
United States District Judge